**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRUCE KAMM, an individual;
INVISION LTD., a New York
corporation,
     *Plaintiffs-Appellees,*

v.

ITEX CORPORATION, a Nevada
corporation,
     *Defendant-Appellant.*

No. 07-35079

D.C. No.
CV-06-00943-AJB

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted
November 18, 2008—Portland, Oregon

Filed June 15, 2009

Before: William A. Fletcher and Raymond C. Fisher,
Circuit Judges, and Charles R. Breyer,* District Judge.

Opinion by Judge Fletcher

---

*The Honorable Charles R. Breyer, United States District Judge for the
Northern District of California, sitting by designation.

## COUNSEL

Stephen A. Redshaw, Stoel Rives LLP, Portland, Oregon, for the appellant.

Christopher L. Garrett, Perkins Coie LLP, Portland, Oregon, for the appellees.

## OPINION

W. FLETCHER, Circuit Judge:

Bruce Kamm and Invision Ltd. (collectively "Plaintiffs") sued ITEX Corporation ("ITEX") on a contract in Oregon

state court. ITEX filed a notice to remove the suit to federal district court based on diversity of citizenship. Thirty-one days later, Plaintiffs moved to remand to state court based on a forum selection clause in the contract. The district court granted Plaintiffs' motion to remand.

ITEX appeals, contending that under 28 U.S.C. § 1447(c) Plaintiffs were required to file their remand motion within thirty days of the filing of ITEX's notice of removal. Plaintiffs contend that because their motion to remand is based on a forum selection clause, it is not subject to the thirty-day requirement of § 1447(c). We agree with Plaintiffs and affirm the remand to state court.

## I.   Background

ITEX provides a marketplace for barter transactions. In February 1992, Plaintiffs entered into an Independent Retail Brokerage Service Agreement (the "Brokerage Agreement") with ITEX under which Plaintiffs were permitted to operate a brokerage on ITEX's barter exchange. ITEX terminated the Brokerage Agreement, and Plaintiffs sued ITEX in Oregon state court claiming breach of contract and breach of the duty of good faith and fair dealing.

On July 7, 2006, ITEX filed a notice of removal in the state court based on diversity jurisdiction. Defendant ITEX is a Nevada corporation. Plaintiff Kamm is a citizen of New York, and Plaintiff Invision is a New York corporation. More than $75,000 is in controversy. Thirty-one days later, on August 8, 2006, Plaintiffs moved in the federal district court to remand the case to state court based on a forum selection clause in the Brokerage Agreement. The forum selection clause provides:

> 10.9 VENUE. Any action brought by any party to this Agreement shall be filed and venue shall be in the courts of the State of Oregon.

ITEX argued that 28 U.S.C. § 1447(c) required Plaintiffs to file their remand motion within thirty days of the filing of ITEX's motion to remove. It is undisputed that Plaintiffs filed their remand motion thirty-one days after the filing of ITEX's motion to remove. The district court held that § 1447(c) and its thirty-day time limit do not apply to motions to remand based on a forum selection clause. The district court granted Plaintiffs' motion to remand, and ITEX timely appealed.

## II.   Standard of Review

"We review *de novo* a district court's decision to remand a removed case. . . . We also review de novo a district court's interpretation and construction of a federal statute." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 938 (9th Cir. 2006) (citations omitted).

## III.   Discussion

**[1]** This appeal involves two closely related subsections of 28 U.S.C. § 1447. Section 1447(d) provides, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." The Supreme Court has held that the prohibition against review in § 1447(d) applies only to the two grounds specified in § 1447(c). *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 342-43 (1976), *superseded by statute on other grounds*, 28 U.S.C. § 1447(c). Those grounds are a lack of subject matter jurisdiction and a "defect." Section 1447(c) provides, in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

There is no suggestion in the case before us that the district court did not have subject matter jurisdiction. It is undisputed that there is diversity jurisdiction under 28 U.S.C. § 1332. Further, the Supreme Court has held that a forum selection clause does not deprive a federal court of subject matter jurisdiction. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972).

**[2]** The only question is whether a forum selection clause that requires that an action be brought in state rather than federal court is a "defect" within the meaning of § 1447(c). If the forum selection clause is a "defect," we have no jurisdiction to review the district court's remand order, and a motion to remand based on that defect must be made within thirty days of filing the notice of removal in state court. To state the matter the other way around, if the forum selection clause is *not* a "defect," we have jurisdiction to review the district court's order despite § 1447(d), and a motion to remand based on the forum selection clause is not subject to the thirty-day time limit of § 1447(c).

For the reasons that follow, we hold that a forum selection clause is not a "defect" within the meaning of § 1447(c). We therefore hold that we have jurisdiction over this appeal, and we affirm the district court's remand order.

Before 1996, § 1447(c) provided,

> A motion to remand the case on the basis of *any defect in removal procedure* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

§ 1447(c) (1995) (emphasis added). We have held that the pre-1996 version of § 1447(c) did not apply to motions to remand based on forum selection clauses. *See Ferrari, Alva-*

*rez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 553-54 (9th Cir. 1991); *Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.*, 741 F.2d 273, 276-77 (9th Cir. 1984).

An amendment adopted in 1996 changed "any defect in removal procedure" to simply "any defect." We have not revisited whether § 1447(c) applies to motions to remand based on forum selection clauses since it was amended. However, at least four other circuit courts have determined that a forum selection clause is not a "defect" within the meaning of the current version of § 1447(c). *See Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 924 (10th Cir. 2005); *Cruthis v. Metropolitan Life Ins. Co.*, 356 F.3d 816, 818 n.1 (7th Cir. 2004); *Autoridad de Energia Electrica de P.R. v. Ericsson Inc.*, 201 F.3d 15, 17 (1st Cir. 2000); *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260 (11th Cir. 1999); *see also Cook v. Wikler*, 320 F.3d 431, 435 n.5 (3d Cir. 2003) (stating that the Third Circuit's pre-1996 holding that forum selection clauses are not subject to § 1447(c) "does not appear to [be] disturb[ed]" by the 1996 amendment).

**[3]** Our analysis of the current version of § 1447(c) starts with the statute's plain language. *See Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 953 (9th Cir. 2007). The term "defect" is not defined in § 1447(c) or associated statutory provisions dealing with removal. The sixth edition of Black's Law Dictionary, which was the current version when the statute was amended, defines "defect" as "[t]he want or absence of some legal requisite; deficiency; imperfection; insufficiency." Black's Law Dictionary 418 (6th ed. 1990). Webster's Third New International Dictionary defines "defect" as "want or absence of something necessary for completeness, perfection, or adequacy in form or function." Webster's Third New International Dictionary 591 (1993).

ITEX argues that we must read "defect" broadly because Congress amended § 1447(c) to cover a "defect," not merely a "defect in removal procedure." We recognize that Congress

in 1996 intended to broaden § 1447(c), but we do not read the term "defect" as broadly as ITEX would have us do. Congress could have changed § 1447(c) to cover a motion to remand the case on "any basis" or "any ground," but instead kept the narrower term "defect."

**[4]** It is relatively clear from context that "defect" refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441-1453. In three cases, we have held that the failure to comply with removal requirements in these sections is a "defect" under § 1447(c). In *Schmitt v. Insurance Co. of North America*, 845 F.2d 1546, 1549, 1551 (9th Cir. 1988), *superseded by statute on other grounds*, 28 U.S.C. § 1447(c), we held that failure to comply with the time limit provided in § 1446(b) for filing a petition for removal in state court is a defect under § 1447(c). In *Vasquez v. Northern County Transit District*, 292 F.3d 1049, 1062 (9th Cir. 2002), we held that removal in violation of the prohibition in § 1445(c) against removing workers' compensation claims arising under state law is a defect under § 1447(c). Finally, in *Wild Oats Markets*, 456 F.3d at 939, we held that a failure to comply with the requirement of § 1441(b) that a removing defendant not be a citizen of the state in which the state court suit is filed is a defect under § 1447(c).

A forum selection clause operates outside of the various requirements for removal specified in §§ 1441-1453. The existence of such a clause does not render removal "defective" as we have understood that term in our cases decided under § 1447(c). Instead, a forum selection clause is similar to other grounds for not exercising jurisdiction over a case, such as abstention in favor of state court jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), and related abstention cases, or a refusal to exercise supplemental jurisdiction and a resulting remand to state court under 28 U.S.C. § 1367(c). The Supreme Court has explicitly held that remands based on abstention and a refusal to exercise supplemental jurisdiction

are not covered by § 1447(c). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996) (abstention); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 355 n.11 (1988) (supplemental jurisdiction); *see also Kircher v. Putnam Funds Trust*, 547 U.S. 633, 640 (2006) (discussing *Quackenbush* without stating that it is no longer good law following the 1996 amendment of § 1447(c)).

**[5]** Shortly after the passage of the 1996 amendment, the Eleventh Circuit engaged in a careful extended analysis of § 1447(c). *See Snapper*, 171 F.3d at 1254-59. The court concluded that Congress did not intend "defect" to include a forum selection clause that specified a state rather than a federal court. It noted that courts had stretched the meaning of "procedure" in the pre-1996 version of § 1447(c) to cover rules traditionally not categorized as procedural, such as the forum defendant rule of § 1441(b). *Id.* at 1258. By removing the qualifying term "procedure" in 1996, Congress freed courts to read the term "defect" to cover motions to remand based on non-procedural statutory requirements for removal such as the forum defendant rule. As we stated in *Wild Oats Markets*, "by substituting 'defect other than lack of subject matter jurisdiction,' for 'defect in removal procedure,' Congress sought to ensure that even the 'more substantive' removal defects, such as [forum defendant] § 1441(b) violations, were subject to the 30-day time limit." 456 F.3d at 939.

There is little legislative history on the 1996 amendment, probably because the House Judiciary Committee "viewed the bill as technical and noncontroversial, and it received broad bipartisan support." H.R. REP. No. 104-799, at 2 (1996) ("House Report"). The House Report merely stated that the earlier version of § 1447(c) was "not entirely clear," and that the 1996 amendment "clarifies the intent of Congress." *Id*. As the Eleventh Circuit noted in *Snapper*, if Congress intended "defect" to cover all grounds for remand other than subject matter jurisdiction, the 1996 amendment would have been a "radical departure from well-established law and practice."

171 F.3d at 1259; *see also id.* at 1256-57 & nn.15, 16 & 17 (collecting cases showing courts' unanimous holdings that forum selection clauses, abstention, and supplemental jurisdiction were not covered by the pre-1996 version of § 1447(c)). Indeed, if the word "defect" in the post-1996 version of § 1447(c) includes all grounds for remand other than lack of subject matter jurisdiction, the post-1996 version would have overruled two then-recent Supreme Court cases, *Quackenbush* and *Carnegie-Mellon University.* There is absolutely no indication in the legislative history of the 1996 amendment that Congress intended such a result.

**[6]** We therefore hold that a forum selection clause is not a "defect" within the meaning of § 1447(c) and that the thirty-day statutory time limit does not apply to a motion to remand based on a forum selection clause. This is not to say, however, that a district court lacks the discretion to deny such a motion if it is not raised on a timely basis. As the Eleventh Circuit observed in *Snapper*, "[p]rior to the enactment of the statutory limitation, motions to remand were required to be brought within a reasonable time frame." 171 F.3d at 1257 n.18. We agree with the Eleventh Circuit that this rule still applies to remand motions not governed by § 1447(c). *See id.*; *see also Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1213 n.8 (3d Cir. 1991) ("[A] district court in the proper exercise of its discretion may deny as untimely a non-procedural-defect, non-jurisdictional motion to remand if made at an unreasonably late stage of the federal litigation.").

In our view, there are good policy reasons to impose a statutory time limit on a motion to remand based on a forum selection clause, whether that limit be thirty days or some other period. The parties are, or should be, aware of a forum selection clause at the outset of the litigation. There are good reasons to resolve early in the litigation the question of what forum will decide the case, and there are equally good reasons, where practicable, to have a bright-line rule prescribing the time within which a motion to remand should be filed. But

we may not rewrite § 1447(c) to suit our own view of good policy. That is, of course, a task for Congress. As § 1447 is now written, it simply does not contain a time limit for a motion to remand to state court based on a forum selection clause.

## Conclusion

**[7]** We hold that we have jurisdiction under § 1447(d) to hear ITEX's appeal of the district court's remand order. We further hold that the thirty-day time limit of § 1447(c) does not apply to a motion to remand based on a forum selection clause specifying state rather than federal court as the appropriate forum. Plaintiffs' motion to remand was therefore not untimely. We affirm the district court's order remanding this case to Oregon state court.

AFFIRMED.