**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL BECK, | No. 16-15122 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00166-MMD-VPC |
| v. | |
| NATIONSTAR MORTGAGE, LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Joel Beck appeals from the district court's judgment in his action alleging

federal and state law claims relating to his mortgage. We have jurisdiction under

28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed. R.

Civ. P. 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Beck's request for oral
argument, set forth in his opening brief, is denied.

1040 (9th Cir. 2011).  We affirm.

The district court properly dismissed Beck's state law claims because Beck failed to allege facts sufficient to state a plausible claim for relief.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Edelstein v. Bank of N.Y Mellon*, 286 P.3d 249, 259-60, 262 (Nev. 2012) (en banc) (explaining that under Nevada law, Mortgage Electronic Registration System, Inc. may properly act as beneficiary of a trust deed, separating the instruments does not permanently bar foreclosure, and an entity has authority to pursue foreclosure when it is entitled to enforce both the deed of trust and the note).

The district court properly denied Beck's motion to remand to state court because, although there was a lack of defendant unanimity for removal, Beck failed to file a motion to remand within 30 days of the filing of the notice of removal.  *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (standard of review); *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037-38 (9th Cir. 1995) ("28 U.S.C. § 1447(c) prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal" and "remand motion based on a defect in removal procedure must be filed within 30 days after the notice of removal is filed"); *see also Atl.*

16-15122

*Nat'l Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 940 (9th Cir. 2010) (lack of defendant unanimity is a defect for purposes of § 1447(c)).

The district court did not abuse its discretion by denying Beck leave to file an amended complaint because amendment would be futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and stating that dismissal without leave to amend is appropriate where amendment would be futile).

Beck forfeited his opportunity to appeal the orders relating to settlement because he did not file any objections to the magistrate judge's orders. *See Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) ("[A] party who fails to file timely objections to a magistrate judge's *nondispositive* order with the district judge to whom the case is assigned forfeits its right to appellate review of that order." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Beck's requests for judicial notice, set forth in his opening brief, are denied.

**AFFIRMED.**

16-15122