FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ACADEMY OF COUNTRY MUSIC, a
California nonprofit corporation,
*Plaintiff-Appellee*,

v.

CONTINENTAL CASUALTY COMPANY,
an Illinois corporation,
*Defendant-Appellant*,

and

DOES, 1 through 10,
*Defendants*.

No. 20-55589

D.C. No.
2:20-cv-03046-
RGK-JC

OPINION

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 8, 2021
Pasadena, California

Filed March 22, 2021

Before: Richard C. Tallman, Consuelo M. Callahan,
and Kenneth K. Lee, Circuit Judges.

Opinion by Judge Callahan

## SUMMARY[*]

### Jurisdiction / Remand

The panel vacated the district court's order *sua sponte* remanding this civil action to state court, based on the panel's determination that the transmittal of the remand order did not deprive federal courts of jurisdiction and that review was not barred by 28 U.S.C. § 1447(d).

The panel held that 28 U.S.C. § 1447(d) barred review only of a remand order that was based on a colorable § 1447(c) ground. The panel held further that it could look behind the district court's characterization of its order to determine whether its assertion of § 1447(c) was colorable.

The panel held that the district court's remand order was not based on a colorable § 1447(c) ground. Specifically, the panel held that the district court erred as a matter of law in requiring that the notice of removal "prove" subject matter jurisdiction. By acting *sua sponte*, and thereby refusing to allow the appellant to offer proof to substantiate its allegations in the notice of removal that the amount in controversy exceeded $75,000, the district court denied the appellant a fair opportunity to submit proof. The panel further held that because the district court erred as a matter of law in requiring that the notice of removal "prove" the amount in controversy and then failed to follow Supreme Court and Ninth Circuit precedent by refusing to allow the appellant to supplement its notice of removal, the district

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

court's order was not "colorable" or "arguable," and could be reviewed.

The panel concluded that the transmittal of the remand order to the state court did not deprive this court of jurisdiction.  The panel further held that the district court's assertion that a notice of removal must prove subject matter jurisdiction was contrary to *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), and *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019), and thus was not a "colorable" basis for remand.

The panel directed the district court to enter an order recalling the remand, and to notify the state court that the district court had resumed jurisdiction over the action.

---

### COUNSEL

Richard A. Simpson (argued), Wiley Rein LLP, Washington, D.C.; Robert C. Christensen, CAN Coverage Litigation Group, Oakland, California; for Defendant-Appellant.

Kayla Robinson (argued) and Kirk Pasich, Pasich LLP, Los Angeles, California, for Plaintiff-Appellee.

**OPINION**

CALLAHAN, Circuit Judge:

We confront two jurisdictional issues.  First, we consider whether the district court's transmittal of its *sua sponte* order remanding this civil action to a state court based solely on the notice of removal deprives federal courts of jurisdiction. Second, we consider whether review of the remand order is barred by 28 U.S.C. § 1447(d).  We determine that the transmittal of the remand order does not deprive federal courts of jurisdiction and that review in this case is not barred by § 1447(d).  The district court's requirement that a notice of removal prove subject matter jurisdiction is contrary to *Dart Cherokee Basin Operating Co., LLC v. Owen*s, 574 U.S. 81, 89 (2014),[1] and accordingly, is not a "colorable" ground under 28 U.SC. § 1447(c).  *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007).  Therefore, we vacate the district court's remand order.

**I**

On February 24, 2020, the Academy of Country Music (Academy) filed a lawsuit in a California Superior Court alleging that Continental Casualty Company (Continental) breached an insurance policy by denying coverage for a claim asserted against it by a former executive.  On April 1, 2020, Continental removed the case to the U.S. District Court for the Central District of California.  The Notice of Removal stated that the parties were diverse; the amount in controversy exceeded $75,000, exclusive of interest and costs; and that prior to the commencement of the action,

---

[1] Parallel citations are omitted throughout this opinion.

Academy had made a demand on Continental for an amount in excess of $75,000.

On April 10, 2020, the district court issued a *sua sponte* order remanding the case to state court. The order's critical paragraphs read:

> The Court is not satisfied that Defendant has satisfied its burden to show that the amount in controversy meets the jurisdictional requirement. Defendant makes no attempt to calculate damages, nor does it offer evidentiary support as to the existence and amount of punitive damages. The Court is unable to find a plausible allegation that the amount in controversy has been met. That Plaintiff's Complaint alleges damages "in an amount exceeding the Court's jurisdictional limit" is not persuasive, given that this likely refers to the jurisdictional limit of $25,000 for unlimited civil cases in California state court. There is nothing from which the Court could conclude that this reference to the "jurisdictional limit" refers to the jurisdictional limit for diversity jurisdiction.
>
> The fact that Plaintiff, at one time, made a settlement demand in excess of $75,000 does not alter the result that the amount in controversy has not been established. A settlement demand is "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim," but it is not dispositive. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.

2002).  Here, Defendant offers no evidence to suggest that Plaintiff's demand reasonably estimates the value of its claims.  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.  Thus, the Court concludes that it lacks subject matter jurisdiction over this case.

The same day that the district court issued its *sua sponte* remand order it transmitted a certified copy of that order to the Los Angeles County Superior Court.

On April 27, 2020, Continental filed a motion to alter or amend the April 10 order pursuant to Federal Rule of Civil Procedure 59(a).  The motion was supported by a declaration of one of Continental's claims professionals affirming the underlying policy's $2 million limit.  It was also supported by a stipulation that the litigation concerned "(i) damages in the amount of $621,824.65; (ii) prejudgment interest of $85,681.17;  and  (iii)  attorneys'  fees  and  costs  of $562,893.95, for a total amount of $1,270,399.77."

On June 1, 2020, the district court denied the motion. The district court stated that its *sua sponte* order was a determination that it lacked subject matter jurisdiction and that review of its decision was precluded by 28 U.S.C.

§ 1447(d).   On June 8, 2020, Continental filed a timely notice of appeal.

## II

There are two challenges to our jurisdiction in this appeal.  First, did the district court's transmittal of its remand order to the state court deprive us, as well as the district court, of jurisdiction?  *See Seedman v. U.S.D.C.*, 837 F.2d 413 (9th Cir. 1988).  Second, if the transmittal of the remand order does not deprive the courts of jurisdiction, is review prohibited by 28 U.S.C. § 1447(d)?  These are questions of law which we review de novo.  *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 938 (9th Cir. 2006).

We have not always recognized the distinct natures of these two questions.  However, we conclude that controlling case law holds that the district court's transmittal of its remand order does not immunize that order from review. We further conclude that despite the district court's characterization of its order, § 1447(d) does not bar our review because jurisdiction could not be determined when the district court issued its *sua sponte* order.

## III

The distinction between federal court jurisdiction and jurisdiction to review a remand order was suggested in *City of Waco, Texas v. United States Fidelity & Guaranty Co.*, 293 U.S. 140 (1934).  In an action that had been removed from a Texas court, the district court issued a single order that overruled the motion to remand, granted the motion to dismiss the cross-complaint, and remanded the balance of the action to state court.  *Id*. at 142.

The City appealed alleging that the dismissal of its action was contrary to the law of Texas.  *Id.*  The Fifth Circuit held "that, as no appeal lies from an order of remand, the cause was irrevocably out of the District Court, the action of that court in dismissing the city's cross-action was moot, and its propriety could not be reviewed." *Id.* at 142–43.  The Fifth Circuit further stated that "all matters concerning the entire controversy, both those presented by the cross bill, and those presented by the main suit are now, because of the remand, pending in the State court and for its action, unaffected by the attempt of the Federal court to dismiss the City's cross action." *Id.* at 143.

The Supreme Court did not agree.  It reasoned that "[i]f the District Court's order stands the cross-action will be no part of the case which is remanded to the state court."  *Id*.  Critically, the Court stated: "True, no appeal lies from the order of remand; but in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause.  Indisputably this order is the subject of an appeal; and, if not reversed or set aside, is conclusive upon the petitioner."  *Id*.  In other words, even accepting that the remand order was not reviewable, its issuance and the pendency of the underlying suit in state court did not deprive the Court of jurisdiction.**[2]**

---

**[2]** The Supreme Court further stated:

> We are of opinion that the petitioner was entitled to have the Circuit Court of Appeals determine whether the dismissal of its cross-action against the Fidelity Company was proper.  If the District Court erred on this point, which we do not decide, its action should be reversed.  A reversal cannot affect the order of remand, but it will at least, if the dismissal of the petitioner's

The distinction between federal court jurisdiction and review jurisdiction pursuant to § 1447(d) and its predecessors appears to have remained dormant until the Supreme Court decided *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976). In *Thermtron*, the district court remanded an action to the state court because of its crowded docket. *Id*. at 340. Thermtron filed an alternate petition for writ of mandamus or prohibition with the Sixth Circuit, which held that it had no jurisdiction to review the removal order because of the prohibition against review in § 1447(d). *Id*. at 341–42.

The Supreme Court held that the district court had "exceeded its authority in remanding on grounds not permitted by the controlling statute," and that § 1447(d) was "not dispositive of the reviewability of remand orders in and of itself." *Id*. at 345. The Court ruled that "only remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d)."[3] *Id*.

---

complaint was erroneous, remit the entire controversy, with the Fidelity Company still a party, to the state court for such further proceedings as may be in accordance with law.

293 U.S. at 143–44.

[3] Sections 1447(c) and (d) state:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require

at 346.  Reviewing the history of § 1447, the Court found that "[t]here is no indication whatsoever that Congress intended to extend the prohibition against review to reach remand orders entered on grounds not provided by the statute."  *Id*. at 350.  The Court held that "[b]ecause the District Judge remanded a properly removed case on grounds that he had no authority to consider, he exceeded his statutorily defined power; and issuance of the writ of mandamus was not barred by § 1447(d)."  *Id*. at 351.

There is no mention in *Thermtron* of whether the district court transmitted its remand order to the state court.  But the Court's strong statement that a district court's actions beyond that "recognized by the controlling statute" were reviewable certainly suggests that it would not countenance a district court evading review by immediately transmitting its remand order to the state court.

In *Flam v. Flam*, 788 F.3d 1043 (9th Cir. 2015), we addressed the merits of a remand order that had been transmitted to the state court.  In *Flam*, a magistrate judge issued an order remanding the case to state court.  Dr. Flam timely filed a motion for reconsideration of the removal order.  The district court refused to entertain the motion,

---

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

explaining that 28 U.S.C. § 1447(d) barred review because "the Magistrate Judge's remand order was issued, … the case was closed, … [and] certification was sent to the Fresno County Superior Court." *Id*. at 1045. Nonetheless, we vacated the magistrate judge's order, holding that because the remand order was dispositive of all federal proceedings, it was properly characterized as a dispositive motion under 28 U.S.C. § 636(b)(1)(A), and could not be issued by a magistrate judge. *Id*. at 1047. We could not have considered the merits of the magistrate judge's order if the transmittal of the remand order to the state court had deprived us of jurisdiction.

Our opinion in *Flam* recognized that in *Seedman*, 837 F.2d at 414, we had read § 1447(d) broadly to "preclude not only appellate review but also reconsideration by the district court," but we further recognized that "the rule is not without exceptions." *Flam*, 788 F.3d at 1047. Although *Seedman* contains language that seems to suggest that transmittal of a remand order deprives federal courts of jurisdiction, a closer reading of *Seedman* reconciles it with *Flam*.

In July 1986, Seedman filed an action in state court against multiple defendants alleging eight causes of action based primarily on an alleged breach of an agreement to buy certain assets. 837 F.3d at 413. We explained the underlying proceedings as follows:

> On November 6, 1986, the district court sua sponte remanded the case to state court on the ground that the removal petition was untimely. One month later, respondents filed a second removal petition claiming the earlier remand order was erroneous. The remand order had already been certified to the state

court.  Petitioner filed a motion for remand, but the court denied that motion, vacated its earlier remand order, and granted the second removal petition.  The court concluded its initial order was based on a clerical error, and removal was proper.

*Id*. at 413–14.  Seedman filed a petition for a writ of mandamus, asserting that the district court lacked jurisdiction to vacate its earlier remand order.  *Id*. at 414.

In holding that the district court's initial order was not reviewable, we clearly stated that we were construing § 1447(c).  We held that the language of § 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court," and that "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case."  *Id*.  We held that "a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction" because "[a]s the statute makes clear, *if the remand order is based on section 1447(c)*, a district court has no power to correct or vacate it."  *Id*. (emphasis added).  We agree with this statement: if a remand order is based on § 1447(c), then § 1447(d) precludes review by any federal court.

But nothing in *Seedman* precludes review of remand orders that are not based on § 1447(c).  The next paragraph in *Seedman* reads:

> Respondent argues that our decision in *Bucy v. Nevada Const. Co.*, 125 F.2d 213 (9th Cir. 1942) allows a district court to correct erroneous remand orders.  *Bucy* held only that a court may correct an error before the

> order is certified to the state court.  We stated in *Bucy* that it was doubtful a court could vacate a remand order after certification. *Id.* at 217–18.   We now so hold: after certification to the state court a federal court cannot vacate a remand order issued under section 1447(c).

*Id.*  The final phrase—"cannot vacate a remand order issued under section 1447(c)"—clarifies that we were not commenting on general federal jurisdiction.  We further held in the following paragraph that *Thermtron* was of no assistance to respondent because "[h]ere the court's order was based on § 1447(c) since the court determined that the removal had been improvidently granted because the petition was untimely."  *Id.*  Thus, *Seedman* is not contrary to our implicit ruling in *Flam*, which is consistent with the relevant Supreme Court cases, that the transmittal of a remand order to the state court does not deprive a court of jurisdiction to review that order if review is not barred by § 1447(d).

The Third Circuit reached the same conclusion in *Carlyle Investment Management, LLC v. Moonmouth Co.*, 779 F.3d 214, 218 (3d Cir. 2015).  It held that it had jurisdiction "because the District Court remanded due to the forum selection clause and not due to a § 1447(c) reason." *Id.*  Plaintiffs had argued that the act of mailing the remand order had divested the federal courts of jurisdiction.  The Third Circuit held that the cases cited by the plaintiffs were "easily distinguishable because they involve remands under § 1447(c)" and that the court "retains jurisdiction over appeals of remand orders that are not made pursuant to § 1447(c)."  *Id.*

Any other jurisdictional holding would be troubling. The Supreme Court has not wavered from its position in *Thermtron* that § 1447(d) bars review only of remand orders made pursuant to § 1447(c).  It would be contrary to the intent of *Thermtron* to hold that the limited avenue of review carefully crafted by the Supreme Court could be closed by the district court transmitting its remand order to a state court without notice to the parties.  Nonetheless, we would so hold if our precedent or Supreme Court precedent so required, but as explained, they do not.

## IV

### A. 28 U.S.C. § 1447(d) bars review only of a remand order that is based on a colorable § 1447(c) ground.

In *Thermtron* the Supreme Court explained its limitation of the bar to review in § 1447(d) as follows:

> There is no doubt that in order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues, *United States v. Rice*, 327 U.S. 742, 751 [(1946)], Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court.  But we are not convinced that Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.

423 U.S. at 351.

Twenty years later in *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706 (1996), the Supreme Court reiterated that a district court's "abstention-based remand order does not fall into either category of remand order described in § 1447(c), as it is not based on lack of subject matter jurisdiction or defects in removal procedure." *Id*. at 712. The Court held that "the abstention-based stay order was appealable as a final decision under § 1291 because it put the litigants effectively out of court." *Id*. at 713 (internal quotation marks and citations omitted).[4]

In *Powerex*, 551 U.S. 224, the Supreme Court further expounded on its holding in *Thermtron*. It explained that in *Thermtron* it "held that § 1447(d) should be read *in pari materia* with § 1447(c), so that only remands based on the grounds specified in the latter are shielded by the bar on review mandated by the former." *Id*. at 229. The Court reviewed the evolution of the statute and accepted that "§ 1447(d) permits appellate courts to look behind the district court's characterization." *Id*. at 233 (citing *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 641 n.9 (2006)). The Court concluded that "review of the District Court's characterization of its remand as resting upon lack of subject-matter jurisdiction, to the extent it is permissible at all, should be limited to confirming that that characterization was colorable." *Id*. at 234.

We anticipated, and have subsequently applied, *Powerex*. In *Lively*, 456 F.3d 933, Wild Oats removed a personal injury action to the district court, alleging that,

---

[4] The Supreme Court determined that in light of its opinion in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983), contrary to its perspective in *Thermtron*, the remand order was appealable. *Quackenbush*, 517 U.S. at 715.

because the parties were completely diverse and the amount in controversy exceeded $75,000, diversity jurisdiction existed.  *Id.* at 936.  The district court remanded the case to state court for lack of subject matter jurisdiction, holding that removal was improper because Wild Oats, a California citizen and local defendant, violated the forum defendant rule contained in 28 U.S.C. § 1441(b), and that this constituted a jurisdictional defect. *Id*. at 936–37.  On appeal, we reaffirmed that we had "jurisdiction to decide whether a district court has the power to do what it did [in issuing a remand order], although we cannot examine whether a particular exercise of power was proper." *Id*. at 938 (quoting *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034,1038 (9th Cir. 1995)).

We explained:

> Lively is correct that *if* the district court remanded under its § 1447(c) authority, we would lack jurisdiction to review the order. . . . Rather than assuming the existence of this authority, as Lively would have us do, we must determine its veracity—we must determine whether the district court had the authority under § 1447(c) to remand.  Stated differently, the question raised on appeal is not whether the district court's remand order was correct, but whether the district court exceeded the scope of its § 1447(c) authority by issuing the remand order in the first place.  Such an inquiry is well within our jurisdictional bounds—because it "takes aim at the district court's *authority* to issue the remand order, we have jurisdiction." *In re Ford Motor Co./Citibank*, 264 F.3d 952, 965

(9th Cir. 2001); *see also N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).

456 F.3d at 937–38.

In *Atlantic National Trust LLC v. Mt. Hawley Insurance Co.*, 621 F.3d 931 (9th Cir. 2010), we again considered our limited jurisdiction to review remand orders under § 1447(d). Citing *Thermtron*, 423 U.S. at 351, we stated that § 1447(d) did not bar the court from reviewing a remand order when the trial court exceeds its statutorily defined power by remanding a properly removed case on a ground that it had no authority to consider. *Atlantic*, 621 F.3d at 934. We further stated that "we may review remand orders where the district court exceeded the procedural limitations in § 1447(c), even where a district court purported to remand on a ground enumerated in that statute." *Id.* at 935. We concluded that "in light of *Powerex*, when a district court remands a case purporting to rely on a ground enumerated in § 1447(c), we have appellate jurisdiction to look behind the district court's characterization of its basis for remand only to determine whether the ground was 'colorable.'" *Id.* at 938.

More recently, we reiterated this scope of review in *County of San Mateo v. Chevron Corp.*, 960 F.3d 586, 594–95 (9th Cir. 2020). We explained:

> When a district court bases its remand order on one of the grounds in § 1447(c)—i.e., the district court "remands based on subject matter jurisdiction [or] nonjurisdictional defects"—as opposed to, for example, based on a merits determination or concerns about a heavy docket, [*Atl. Nat'l Tr.*, 621 F.3d] at

934–35, "review is unavailable no matter how plain the legal error in ordering the remand," *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977). "[R]eview of the District Court's characterization of its remand as resting upon lack of subject-matter jurisdiction, to the extent it is permissible at all, should be limited to confirming that that characterization was colorable." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234, (2007).

We are not alone in our reading of § 1447(d).   In *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008), the Fourth Circuit addressed a situation similar to our case.  There "the district court *sua sponte* entered an order remanding the case to state court, concluding that the Notice of Removal's allegation that the value of the matter in controversy exceeded the sum of $75,000 was 'inadequate to establish' the jurisdictional amount, because it failed to 'allege facts adequate to establish' the amount." *Id*. at 194. The Fourth Circuit cited the Supreme Court's statement that courts should not "extinguish the power of an appellate court to correct a district court that has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in the statute and not touching the propriety of the removal." *Id*. at 196 (quoting *Thermtron*, 423 U.S. at 352).  The Fourth Circuit reasoned that the district court "ruled not that it lacked subject matter jurisdiction, but rather that the defendants' allegations of diversity jurisdiction were 'inadequate' and that their Notice of Removal failed 'to establish that the amount in controversy exceeds the jurisdictional amount.'" *Id.* at 197.  The Fourth Circuit further explained:

> In its opinion evaluating the Notice of Removal, the district court applied a particular *standard* for assessing the *sufficiency* of such filing; it did not consider whether subject matter jurisdiction in fact existed.  Rather than permitting allegations in the Notice of Removal to serve the same role that allegations in a complaint serve, the district court demanded that the Notice of Removal actually demonstrate the factual basis for the allegations in the notice.  The district court's selection and application of a legal standard for pleading in a notice of removal thus remains reviewable as a "conceptual antecedent" to the remand order. *See Blackwater*, 460 F.3d at 586–87 (citing *Shives v. CSX Transp., Inc.*, 151 F.3d 164, 168 (4th Cir.1998)).
>
> We may review a conceptual antecedent ruling even if it was an essential precursor to a remand order that is itself unreviewable under § 1447(d).

*Id.*

We read Supreme Court precedent and our precedent as holding that § 1447(d) precludes review only of a remand order based on one of the grounds in § 1447(c)—subject matter jurisdiction or nonjurisdictional defects—and that we may look behind the district court's characterization of its order to determine whether its assertion of a § 1447(c) ground is colorable.

## B. The district court's remand order is not based on a colorable § 1447(c) ground.

Despite the district court's contrary assertions, it could not make a ruling on subject matter jurisdiction. The district court acted *sua sponte* based on only the notice of removal. However, a shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional, at least not until the movant has an opportunity to correct any perceived deficiency in the notice. In *Dart Cherokee*, 574 U.S. at 89, the Supreme Court held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." In *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019), we reiterated that a "notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Id*. at 922 (quoting *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

Other than for cases under the Class Action Fairness Act of 2005 (CAFA), we strictly construe the removal statute against removal jurisdiction.[5] *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). Nonetheless, the fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden.

---

[5] In *Arias*, we noted that "no antiremoval presumption attends cases invoking CAFA." *Id*. at 922 (quoting *Dart Cherokee*, 574 U.S. at 89).

This point was made clear in *Dart Cherokee*. Invoking federal jurisdiction under CAFA, Dart removed the case from a Kansas state court to a federal district court. 574 U.S. at 84. The defendant filed a motion to remand and the district court, "[r]eading Tenth Circuit precedent to require proof of the amount in controversy in the notice of removal itself," granted the motion. *Id*. at 84. Dart petitioned the Tenth Circuit for permission to appeal, the Tenth Circuit denied review, and Dart petitioned for certiorari. Dart requested resolution of the following question: "Whether a defendant seeking removal to federal court is required to include evidence supporting federal jurisdiction in the notice of removal, or is alleging the required 'short and plain statement of the grounds for removal' enough?" *Id.* at 86. The Court held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89. It further explained that where a defendant's assertion of the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 88.

Following *Dart Cherokee*, in *Arias* we held that "a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924. We explained:

> The district court did not conclude that Marriott's allegations were implausible. Instead, the district court stated that Marriott failed to meet its burden of *proving* the amount in controversy. In rejecting

Marriott's assumed violation rates, the district court cited a lack of "evidence supporting [Marriott's] assumptions." But a notice of removal "need not contain evidentiary submissions." *Dart Cherokee*, 135 S. Ct. at 551. Instead, evidence showing the amount in controversy is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 554. . . . The district court clearly questioned Marriott's allegation, but by remanding the case to state court sua sponte, the district court deprived Marriott of "a fair opportunity to submit proof." *Ibarra*, 775 F.3d at 1200. This error warrants vacatur of the remand order.

*Id*. at 925. In *Arias* we further stated that, "when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Id*. at 922.

Here, the district court erred as a matter of law in requiring that the notice of removal "prove" subject matter jurisdiction. Furthermore, by acting *sua sponte*, and thereby refusing to allow Continental to offer proof to substantiate its allegations in the notice of removal that the amount in controversy exceeded $75,000, the district court denied Continental "a fair opportunity to submit proof," which led us to vacate the remand orders in *Ibarra* and *Arias*. What the court should have done was to issue an order to show cause requiring the removing party to prove more than $75,000 was in controversy. Both sides agreed at argument

that ample proof existed to establish that key jurisdictional element.

There is no question that Academy's complaint made the requisite plausible allegations concerning the amount in controversy.  Indeed, the Notice of Removal stated that the "matter in controversy exceeds $75,000."[6]  It also stated that a settlement demand had been made in excess of $75,000. We have stated that a "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."  *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002).  Moreover, in support of its Rule 59 motion, Continental provided supporting documents stipulating that the amount in controversy exceeds $75,000.

The import of this is not that the district court's determination of subject matter jurisdiction was wrong (although it clearly was), but that the court could not at that stage of the litigation determine subject matter jurisdiction. The district court erred as a matter of law in requiring that the notice of removal "prove" subject matter jurisdiction instead of containing plausible allegations of the jurisdictional elements.  *Arias*, 936 F.3d at 922.  Thus, as in *Lively*, the district court "exceeded the scope of its § 1447(c) authority by issuing the remand order in the first place." *Lively*, 456 F.3d at 938.  In sum, because the district court erred as a matter of law in requiring that the notice of removal "prove" the amount in controversy and then failed to follow Supreme Court and Ninth Circuit precedent by

---

[6] This specific assertion refutes the district court's unreasonable suggestion that Continental's allegation that the amount in controversy exceeded the court's jurisdictional limit referred to the state court's $25,000 jurisdictional limit.

refusing to allow Continental to supplement its notice of removal, the district court's order is not "colorable" or "arguable" and may be reviewed. *See Powerex*, 551 U.S. at 234; *County of San Mateo*, 960 F.3d at 595. And because the subject matter jurisdictional question could not be determined at the time the district court issued its *sua sponte* order and the order deprived Continental of "a fair opportunity to submit proof," *see Arias*, 936 F.3d at 925, the district court's orders are vacated.[7]

V

A district court's order remanding a civil action to state court deprives the removing party of access to a federal court. Accordingly, the Supreme Court has recognized that such orders, if otherwise reviewable, may be appealed. *Quakenbush*, 517 U.S. at 715. We conclude based on precedent that the transmittal of the remand order to the state court did not deprive us of jurisdiction. *See City of Waco*, 293 U.S. 140; *Flam*, 788 F.3d 1043. We further hold that the district court's assertion that a notice of removal must prove subject matter jurisdiction is contrary to *Dart Cherokee*, 574 U.S. 81, and *Arias*, 936 F.3d 920, and thus is not a "colorable" basis for remand. Accordingly, we vacate the district court's orders. The district court shall enter an order recalling the remand and shall notify the Los Angeles

---

[7] The district court's denial of Continental's Rule 59 motion was based on its determination that it lacked jurisdiction to consider the motion. As we hold that the district court did have jurisdiction to consider the motion, we vacate the court's denial of the Rule 59 motion as well as its remand order.

County Superior Court that the district court has resumed jurisdiction over the action.

**VACATED AND REMANDED.**