**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TOTALENERGIES RENEWABLES USA, LLC; DANISH FIELDS SOLAR, LLC; SKYSOL, LLC; ELLIS SOLAR, LLC; MYRTLE SOLAR, LLC,

Plaintiffs-Appellees,

v.

TRINA SOLAR (U.S.), INC.; TRINA SOLAR CO., LTD.,

Defendants-Appellants.

No.   22-16763

D.C. No. 4:22-cv-04599-YGR

MEMORANDUM\*

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted December 12, 2023
San Francisco, California

Before:  GOULD, KOH, and DESAI, Circuit Judges.

Defendants-Appellants Trina Solar (U.S.), Inc. and Trina Solar Co., Ltd.

(collectively "Trina Solar") appeal the district court's order denying Trina Solar's

motion to compel arbitration and remanding the case to state court.  Trina Solar

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

contends that the Federal Arbitration Act ("FAA") confers jurisdiction for their removal and for this appeal, and that the district court decision made an antecedent merits determination about arbitrability that is separable from the remand and reviewable on appeal. Plaintiffs-Appellees TotalEnergies Renewables USA, LLC, et al. ("TotalEnergies") assert that the district court appropriately remanded for lack of subject matter jurisdiction, and that the arbitrability determination is not separable. We review removal and remand *de novo*. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028 (9th Cir. 2017). We have the authority to consider our own jurisdiction, and we dismiss for lack of appellate jurisdiction under 28 U.S.C. § 1447(d). *See id.*; *DeMartini v. DeMartini*, 964 F.3d 813, 820 (9th Cir. 2020).

If a district court remands a case under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction, the order remanding the case is unreviewable on appeal under § 1447(d). *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007). We consider whether the remand can be "colorably characterized" as a matter of subject matter jurisdiction. *Id.* at 234. If so, "review is unavailable no matter how plain the legal error in ordering the remand." *See Atl. Nat'l. Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 934 (9th Cir. 2010) (quoting *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)); *see also DeMartini*, 964 F.3d at 820–21; *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1065–66 (9th Cir. 2021).

The district court's order is "colorably characterized" as a remand for lack of

subject matter jurisdiction under 28 U.S.C. § 1447(c). To determine whether the FAA confers subject matter jurisdiction for removal, a district court must first decide if the parties have formed an underlying agreement to arbitrate. *See* 9 U.S.C. § 205; *Jones Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1138 (9th Cir. 2022). Trina Solar asserted the FAA as its sole basis for subject matter jurisdiction. The district court framed the motion to remand as based on the "same core analysis" as the motion to compel arbitration. In its decision, the district court found that Trina Solar and TotalEnergies had not agreed to arbitrate this particular dispute under their superseding and controlling agreement. The parties had initially agreed to arbitrate in a Framework Agreement, but a subsequent Implementing Agreement superseded the Framework Agreement and provided for judicial dispute resolution. Without an agreement to arbitrate, the district court concluded that Trina Solar could not remove the case under the FAA, and remanded. Because its analysis hinged on whether an arbitration agreement related to the dispute for the purpose of 9 U.S.C. § 205, the district court's order can be colorably characterized as a remand for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c). *See Powerex Corp.*, 551 U.S. at 232–34. Section 1447(d) precludes our review. *See id.*, at 232, 237; *DeMartini*, 964 F.3d at 820–21; *Atl. Nat'l. Tr.*, 621 F.3d at 938. *Cf. Acad. of Country Music*, 991 F.3d at 1068 (where a remand for a notice of removal defect could not be colorably

3

characterized as a remand for lack of subject matter jurisdiction under § 1447(c)).

Trina Solar does not present another basis for this panel to proceed. This appeal does not fall into one of the narrow exceptions to 28 U.S.C. § 1447(d). *Cf. BP P.L.C. v. Mayor and City Council of Balt.*, 593 U.S. ----, 141 S.Ct. 1532, 1538 (2021) (where § 1447(d) allowed appellate review over a case that had been removed pursuant to 28 U.S.C. § 1442). The district court's denial to compel arbitration is a jurisdictional decision for the purposes of remand, so it is not conclusive, important, and separable such that 28 U.S.C. § 1291 would permit collateral review. *See DeMartini*, 964 F.3d at 822–23; *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 946–48 (9th Cir. 2004); *see also* Cal. Code Civ. P. § 1281.2 (providing a state law basis to compel arbitration); *Gupta v. Thai Airways Int'l., Ltd.*, 487 F.3d 759, 766 (9th Cir. 2007). We can review district courts' discretionary decisions not to exercise jurisdiction, but this does not include mandatory remands, like lack of subject matter jurisdiction. *Stevens*, 378 F.3d at 948–49. The FAA alone does not provide sufficient grounds here for appellate jurisdiction since "[t]he procedure for removal of causes otherwise provided by law shall apply." *See* 9 U.S.C. § 205.

Because the district court remanded the case for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), absent other authority, 28 U.S.C. § 1447(d) precludes our review. As such, the panel cannot proceed to the merits of

4

the arbitration dispute.

**DISMISSED.**[1]

---

[1] Trina Solar's Motion to Stay the Appeal is **DENIED** as moot.