**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SEP 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATHERINE SIGLEY, an individual, | No. 23-55775 |
| Plaintiff-Appellee, | D.C. No. 3:22-cv-01877-JO-MMP |
| v. | |
| DEXCOM, INC., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Submitted September 11, 2024[**]
Pasadena, California

Before: IKUTA, FRIEDLAND, and LEE, Circuit Judges.

Dexcom, Inc., appeals from a district court order remanding Catherine

Sigley's suit against Dexcom to California state court. The district court remanded

the case under 28 U.S.C. § 1447(c), explaining that removal was improper under

the forum defendant rule because Dexcom is a California citizen. *See* 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1441(b)(2).

A district court order remanding a case to state court is generally "not reviewable on appeal or otherwise." *Id.* § 1447(d). But such an order is reviewable if "the question raised on appeal is not whether the district court's remand order was correct, but whether the district court exceeded the scope of its § 1447(c) authority by issuing the remand order in the first place." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 938 (9th Cir. 2006). We may "address[] the merits of the district court's remand order[] . . . to the extent the merits bear on the district court's power to issue" that order. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 953 (9th Cir. 2024). In conducting that limited review, we exercise appellate jurisdiction under 28 U.S.C. § 1291. *Lively*, 456 F.3d at 938 n.7.

A district court has authority to remand a case under § 1447(c) on two categories of grounds: "(1) lack of subject matter jurisdiction, or (2) 'nonjurisdictional defects' that are challenged within 30 days of removal." *Casola*, 98 F.4th at 953 (quoting *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1067 (9th Cir. 2021)). The forum defendant rule, on which the district court based its remand order, is a "procedural requirement" that falls into the second category, so it is waived if not invoked by a plaintiff within thirty days of removal. *Lively*, 456 F.3d at 942.

The only question presented in this appeal is whether Sigley timely invoked

the forum defendant rule. That question goes to the district court's authority to issue the remand order, not the correctness of that order, so we have jurisdiction. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (holding that a district court has "no authority to remand . . . on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal").

Sigley invoked the forum defendant rule in its motion to remand on December 29, 2022. According to the district court docket, Dexcom's notice of removal was filed on November 28, 2022—thirty-one days earlier. The notice of removal itself is stamped with a header, automatically generated by the district court's docketing system, stating "Filed 11/28/22." Dexcom also notes that the district court's electronic filing system issued a Notice of Electronic Filing stating that Dexcom's notice of removal was filed on November 28, 2022. Dkt. No. 9.[1] Those dates indicate that Sigley did not timely invoke the forum defendant rule in seeking a remand.

Notwithstanding those dates, the district court concluded that Dexcom's notice of removal was filed one day later, on November 29, 2022, such that Sigley timely invoked the forum defendant rule in her motion to remand. The district court reached that conclusion by relying on a stamp, initially placed on the first

---

[1] Dexcom's unopposed motion for judicial notice is granted.

3

page of the notice of removal by the Clerk of the district court, which stated that the notice of removal was filed on November 29, 2022. After this appeal was filed, the Clerk updated the notice of removal on the docket to remove that stamp, without explanation.

The parties dispute whether we review the district court's determination of the date of filing de novo or for clear error. We need not decide that question, because we would vacate the district court's order under either standard. In the peculiar circumstances of this case, there is now no basis to conclude that Dexcom's notice of removal was filed on November 29, rather than on November 28. Even at the time of the district court's decision, before the Clerk removed the stamp, the stamp was contradicted by the date automatically recorded by the court's electronic filing system. Under the applicable Local Rules, the electronic transmission of the document together with the transmission of the Notice of Electronic Filing from the court "constitutes filing of the document," S.D. Cal. Civ. L.R. 5.4(b), so a Clerk's stamp does not establish when the filing occurred. Sigley therefore did not invoke the forum defendant rule until thirty-one days after the notice of removal was filed. That invocation was untimely, so the district court lacked authority under § 1447(c) to issue its remand order.

The district court's order remanding the case to state court is **VACATED**, and the case is **REMANDED** for further proceedings in the district court. The

4

district court is directed to recall the case from state court.