**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RHIANNON TORGERSON, an
individual,

           Plaintiff-Appellee,

  v.

THE ELEVANCE HEALTH
COMPANIES, INC., FKA The Anthem
Companies, Inc.,

           Defendant-Appellant,

 and

MICHAEL IOVINO, an individual;
DOES, 1 through 20, inclusive,

           Defendants.

No. 23-55377

D.C. No.
2:23-cv-01906-PA-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted January 10, 2025[]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

The Elevance Health Companies, Inc. (Elevance) appeals from the district court's order remanding this action to the Superior Court of California, County of Los Angeles (Superior Court) on the ground that it lacked federal subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Upon our de novo review, we vacate the district court's order. *See Freidenberg v. Lane County*, 68 F.4th 1113, 1120 (9th Cir. 2023).

We have jurisdiction to review the remand order because the district court's assertion that it lacked subject matter jurisdiction was not colorable. *See Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1066–68 (9th Cir. 2021); *see also* 28 U.S.C. §§ 1291, 1447(c)–(d); *Harmston v. City & County of San Francisco*, 627 F.3d 1273, 1278 (9th Cir. 2010). The district court erred as a matter of law in relying solely upon the allegations of the notice of removal to determine that federal subject matter jurisdiction was absent. *See Acad. of Country Music*, 991 F.3d at 1068–69; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014);

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161–62 (9th Cir. 2005). Moreover, the district court erred in refusing to grant Elevance leave to proffer additional evidence of the plaintiff's citizenship. *See Acad. of Country Music*, 991 F.3d at 1068–69; *see also Dart Cherokee*, 574 U.S. at 84, 88–89, 135 S. Ct. at 551, 554.

We vacate the district court's order remanding this action to the Superior Court, and we order the district court to recall its remand and to notify the Superior Court that the district court has resumed jurisdiction over this action. *See Acad. of Country Music*, 991 F.3d at 1070.

**VACATED and REMANDED.** Costs are hereby awarded to Appellant Elevance.