**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LETICIA CASTELLANOS, | No. 24-5004 |
| Plaintiff - Appellee, | D.C. No. 8:24-cv-01567-DOC-DFM |
| v. | MEMORANDUM* |
| SONESTA INTERNATIONAL HOTELS CORPORATION; HPT TRS IHG-2, INC., | |
| Defendants - Appellants, | |
| and | |
| ROCKSTAR STAFFING, LLC, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 4, 2025**
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sonesta International Hotels Corporation appeals from the district court's order remanding Leticia Castellanos's workplace harassment and discrimination suit to state court. We have appellate jurisdiction under 28 U.S.C. § 1291. We vacate and remand.

Because a remand order deprives the litigants of a federal forum and leaves "nothing of the matter on the federal court's docket," it is a "final decision[]" under 28 U.S.C. § 1291. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714, 715 (1996); *see Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1166 (9th Cir. 1998) (per curiam). But that review is circumscribed by 28 U.S.C. § 1447(d), which divests us of jurisdiction to review remand orders based on defects in the removal procedure or a lack of subject-matter jurisdiction. *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229 (2007).

Where, as here, the district court characterizes the remand as based on a lack of subject-matter jurisdiction, we may review the order to determine if that characterization is "colorable." *Powerex*, 551 U.S. at 234; *see Academy of Country Music v. Continental Cas. Co.*, 991 F.3d 1059, 1067–68 (9th Cir. 2021). If it is not, section 1447(d) does not bar an appeal. *See Academy of Country Music*, 991 F.3d at 1069.

The remand order here was not based on a "colorable" assessment of subject-matter jurisdiction. The district court stated that it lacked jurisdiction

because Sonesta did not meet its "burden to show that the amount in controversy requirement is satisfied to establish diversity jurisdiction." But the court came to that conclusion acting sua sponte and based solely on the face of the notice of removal, without providing Sonesta "a fair opportunity to submit proof" of the amount in controversy. *Academy of Country Music*, 991 F.3d at 1070 (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019)). And "a shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional, at least not until the movant has an opportunity to correct any perceived deficiency in the notice." *Id.* at 1068. Therefore, we have jurisdiction to review the remand order. *See id.* at 1069.

Because the district court remanded the case based on an assessment of subject-matter jurisdiction that it could not render, the remand order must be vacated. *See Academy of Country Music*, 991 F.3d at 1069–70. On remand, the district court should permit both sides to submit proof of the amount in controversy so that it can properly assess its jurisdiction. *See Arias*, 936 F.3d at 925.

Costs shall be taxed against the appellee.

**VACATED and REMANDED.**