**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATAMOUNT PROPERTIES 2018, LLC, | No. 24-7745 |
| Plaintiff - Appellee, | D.C. No. 2:24-cv-01834-CDS-NJK |
| v. | |
| FRASBERG SELASSIE, AKA , Clayton-M. Bernard-Ex., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted May 26, 2026**

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Frasberg Selassie appeals pro se from the district court's order remanding

plaintiff's action to state court and entering a vexatious litigant pre-filing review

order against him.  We have jurisdiction under 28 U.S.C. § 1291.  We review for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007). We affirm in part and dismiss in part.

The district court did not abuse its discretion in declaring Selassie to be a vexatious litigant and entering a pre-filing review order against him after providing notice and an opportunity to be heard, developing an adequate record for review, making substantive findings of frivolousness and harassment, and narrowly tailoring the order to prevent abusive litigation conduct. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (setting forth requirements the district court must consider before imposing pre-filing restrictions).

A review of the record demonstrates that this court lacks jurisdiction over the portion of this appeal challenging the district court's order remanding the removed action to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(d) (order remanding a removed action to state court for lack of subject matter jurisdiction pursuant to § 1447(c) "is not reviewable on appeal or otherwise"); *Acad. of Country Music v. Cont's Cas. Co.*, 991 F.3d 1059, 1066 (9th Cir. 2021) (review of district court's characterization of remand for lack of subject matter jurisdiction under § 1447(c) limited to confirming that that characterization was colorable); *Kunzi v. Pan Am. World Airways, Inc.*, 833 F.2d 1291, 1293 (9th

Cir. 1987) (noting that prohibition under § 1447(d) applies "even if the district court's jurisdictional decision was erroneous").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The opposed motion (Docket Entry No. 13) to file a supplemental brief is granted. The clerk will file the brief at Docket Entry No. 12. All other pending motions and requests are denied.

**AFFIRMED in part, DISMISSED in part.**